UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHIPBUILDERS OF WISCONSIN, INC.,

          Plaintiffs,

v.                                                       Case No. 11-CV-250

BENT GLASS DESIGN, INC. and
PROCURVE GLASS TECHNOLOGIES, LLC

          Defendants.

---

# ORDER

In this action Shipbuilders of Wisconsin, Inc. ("Shipbuilders") has sued Bent Glass Design, Inc. and ProCurve Glass Technology, LLC (collectively "Defendants") alleging that the Pennsylvania-based companies provided defective marine laminated glass. Shipbuilders had purchased marine laminated glass from Defendants for use in ship construction in Wisconsin. Presently before the Court is Defendants' Local Civil R. 7(h) motion to transfer venue to the United States District Court for the Eastern District of Pennsylvania. (Dkt. 6.) Because I conclude that transfer to Pennsylvania is not clearly more convenient and does not serve the interests of justice, I will deny Defendants' motion to transfer.

28 U.S.C. § 1404(a) authorizes a district court to transfer a case when the moving party demonstrates that transfer is "clearly more convenient." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986). In weighing a transfer motion, the court must decide whether transfer will serve the convenience of the parties and witnesses and promote the interests of justice. *Id.; see*

*also Roberts & Schaefer Co. v. Merit Contracting, Inc.,* 99 F.3d 248, 254 (7th Cir. 1996) (question is whether plaintiff's interest in choosing forum is outweighed by either convenience concerns of parties and witnesses or interest of justice). The convenience inquiry requires the court to consider the situs of material events, ease of access to sources of proof, including the location of the parties and the witnesses, and plaintiff's choice of forum. *Harley-Davidson, Inc. v. Columbia Tristar Homes Video, Inc.,* 851 F.Supp. 1265, 1269 (E.D. Wis. 1994); *Kinney v. Anchorlock Corp.,* 736 F. Supp. 818, 829 (N.D. Ill. 1990). The "interest of justice" analysis focuses on whether transfer would promote the "efficient administration of the court system," including whether transfer would insure or hinder a speedy trial. *Coffey,* 796 F.2d at 221.

Here witnesses live both in Pennsylvania and Wisconsin and material events occurred in both states. As such the convenience of the parties and witnesses is not determinative. Defendants argue that the parties' 2010 purchase documents – which contain Pennsylvania forum selection clauses – evidence the parties' desire to adjudicate disputes in Pennsylvania. Defendants have not shown, however, that the 2010 agreement was intended to apply retroactively to control jurisdiction of disputes arising out of prior purchases. Indeed, Shipbuilders purchased the marine glass at issue here between 2007 and 2008, under purchase documents that did *not* contain forum selection clauses. Shipbuilders' decision to file suit in Wisconsin is entitled to substantial weight as Shipbuilders is a Wisconsin corporation. *See Almond v. Pollard,* 2010 WL 2024099 at *2 (W.D. Wis. 2010). In balancing Shipbuilders' choice of forum against the above factors, this Court does not find that the factors tilt "strongly in favor" of Defendants' transfer request. *Gulf Oil v. Gilbert,* 330 U.S. 501, 508 (1947). Accordingly, Defendant's motion to transfer (Dkt. 6) is **denied.** The

Clerk is directed to set this matter on the Court's calendar for a Rule 16 telephone scheduling conference.

**SO ORDERED** this   19th   day of May, 2011.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge